IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 20, 2015

**STATE OF TENNESSEE v. MYRON PIERRE WALTON**

**Appeal from the Criminal Court for Hamilton County**
**Nos. 232819, 232878, 242679     Barry A. Steelman, Judge**

_____

**No. E2014-01957-CCA-R3-CD – Filed September 21, 2015**

_____

Defendant, Myron Pierre Walton, appeals from the trial court's summary dismissal of his motion filed pursuant to Tennessee Rule of Criminal Procedure 36.1. The State concedes that the trial court erred by summarily dismissing Defendant's motion. Following our review of the parties' briefs, the record, and the applicable law, we reverse the trial court's order dismissing the motion and remand for appointment of counsel if Defendant is indigent and for other proceedings pursuant to Tennessee Rule of Criminal Procedure 36.1.

**Tenn. R. App. P. 3 Appeal as of Right,**
**Judgment of the Criminal Court Reversed and Remanded**

THOMAS T. WOODALL, P.J., delivered the opinion of the Court, in which D. KELLY THOMAS, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Myron Pierre Walton, *Pro* Se, Mountain City, Tennessee.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Senior Counsel; and William H. Cox, III, District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

*Procedural history*

In May of 2000, Defendant was indicted by the Hamilton County Grand Jury in case number 232819 for possession of cocaine with intent to sell and violation of the driver's license law on December 15, 1999, and in case number 232878 for possession of cocaine with intent to sell, resisting arrest, assault, and evading arrest on February 18, 2000. In case number 232819 Defendant pleaded guilty to the Class B felony offense of

possession of cocaine with intent to sell, and he received a sentence of eight years to be served on supervised probation. The remaining charge was dismissed. In case number 232878, Defendant also pleaded guilty to the Class B felony offense of possession of cocaine with intent to sell, and he received a sentence of eight years to be served on supervised probation. The remaining charges were dismissed. According to the record, the sentences were ordered to be served concurrently.

While on probation for the offenses in case numbers 232819 and 232878, Defendant was indicted for aggravated assault in case number 242679. As a result of the new charges and other violations, Defendant's probation was revoked, and he was ordered to serve his sentence in confinement. Defendant also pleaded guilty to aggravated assault in case number 242679 with an agreed sentence of three years to run concurrently to the sentences in case numbers 232819 and 232878 for an effective eight-year sentence to serve in the Department of Correction.

On August 21, 2014, Defendant filed a motion pursuant to Tennessee Rule of Criminal Procedure 36.1, arguing that his sentences were illegal because the trial court ordered them to be served concurrently rather than consecutively in direct contravention of Tennessee Rule of Criminal Procedure 32(c)(3) and Tennessee Code Annotated section 40-30-111(b). On September 24, 2014, the trial court summarily denied Defendant's motion and made the following findings:

> The subject motion alleges an illegality in the sentence in case 232878 and 232819 and 242679. It does not, however, allege an illegality in the sentences in cases 232819 and 242679 or the non-expiration of any of the sentences. It appearing from the record that all the sentences have expired, the Court cannot find, as, to it, subsection (c) of Rule 36.1 seems to require, that those sentences *are* illegal; it can only find that they *were* illegal.
>
> The Court acknowledges that this interpretation of Rule 36.1 though consistent with constitutional principles of double jeopardy and statutory limits on the availability of the state writ of *habeas corpus* in T.C.A. § 29[-]21[-]101, is inconsistent with the state's concession of error and the appellate court's omission of any mention of the expiration of the apparently expired sentences in *Frazier v. State*, 2014 Tenn. Crim. App. LEXIS 557. The Court is aware, however, of no Tennessee appellate decision, including *Frazier*, that considers this interpretation of the rule. In any event, unpublished decisions like *Frazier*, though persuasive, are not controlling.

2

*Analysis*

Defendant filed the motion that is the subject of this appeal pursuant to Tennessee Rule of Criminal Procedure 36.1. In the motion, Defendant argued that by aligning his sentences concurrently, the trial court imposed an illegal sentence under Tennessee Code Annotated section 40-20-111(b) because he was released on bond in case number 232819 when he committed the offenses in case number 232878. He also alleges that he committed the offense in case number 242679 while he was on supervised probation for the offenses in case numbers 232819 and 232878. He argued that the trial court should have aligned his sentences consecutively because Tennessee Code Annotated section 40-20-111(b) and Tennessee Rule of Criminal Procedure 32(c) mandate consecutive sentences when a defendant commits a felony while the defendant is released on bond and the defendant is convicted of both offenses. As noted above, the trial court summarily dismissed Defendant's Rule 36.1 motion.

In 2012, the Tennessee Supreme Court promulgated and adopted Rule 36.1, which was ratified and approved by the Tennessee General Assembly by House Resolution 33 and Senate Resolution 11 and became effective on July 1, 2013. Compiler's Notes, Tenn. R. Crim. P. 36.1. The rule provides, in part:

> (a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.
>
> (b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.
>
> (c)(1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.
> (2) If the court determines that the sentence is an illegal sentence, the court shall then determine whether the illegal sentence was entered pursuant to a plea agreement. If not, the court shall enter an amended

3

uniform judgment document, see Tenn. Sup. Ct. R. 17, setting forth the correct sentence.

(3)  If the illegal sentence was entered pursuant to a plea agreement, the court shall determine whether the illegal provision was a material component of the plea agreement.  If so, the court shall give the defendant an opportunity to withdraw his or her plea.  If the defendant chooses to withdraw his or her plea, the court shall file an order stating its finding that the illegal provision was a material component of the plea agreement, stating that the defendant withdraws his or her plea, and reinstating the original charge against the defendant.  If the defendant does not withdraw his or her plea, the court shall enter an amended uniform judgment document setting forth the correct sentence.

(4)  If the illegal sentence was entered pursuant to a plea agreement, and if the court finds that the illegal provision was not a material component of the plea agreement, then the court shall enter an amended uniform judgment document setting forth the correct sentence.

Tenn. R. Crim. P. 36.1.

The legislature also approved a proposed amendment to Tennessee Rule of Appellate Procedure 3(b) to provide both the State and a defendant with an appeal as of right from "an order or judgment entered pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure."  Therefore, Rule 36.1 provided a new appeal as of right for individuals who had received an illegal sentence.  Pursuant to Rule 36.1, an appellant would be entitled to a hearing and appointment of counsel if he stated a colorable claim for relief.  Tenn. R. Crim. P. 36.1(b); *see Marcus Deangelo Lee v. State*, No. W2013-01088-CCA-R3-CO, 2014 WL 902450, at *6 (Tenn. Crim. App., Mar. 7, 2014).  Because Rule 36.1 does not define "colorable claim," this court has adopted the definition of a colorable claim used in the context of post-conviction proceedings from Tennessee Supreme Court Rule 28 § 2(H):  "A colorable claim is a claim . . . that, if taken as true, in the light most favorable to the [appellant], would entitle [appellant] to relief. . . ." *State v. Mark Edward Greene*, No. M2013-02710-CCA-R3-CD, 2014 WL 3530960, at *3 (Tenn. Crim. App., July 16, 2014) (quoting Tenn. Sup. Ct. R. 28 § 2(H)).

On appeal, the State agrees that the trial court erred by summarily dismissing Defendant's motion without appointing counsel.  The State concedes that Defendant presented a colorable claim for relief from an illegal sentence in case numbers 232819, and 232878 because Defendant alleges that he committed the felony offense in case number 232878 while he was on bond for the offense in case number 232819. We agree

with the State. Defendant stated a colorable claim. Rule 36.1, by its explicit terms, states that a defendant may "at any time" seek correction of an illegal sentence. The trial court's analysis that Rule 36.1 is not applicable because the sentences have expired is misplaced. First, the rule does not exempt its applicability to "expired" sentences. Second, if the facts are as alleged by Defendant, the sentence for one of his convictions, which was supposed to be served consecutively to rather than concurrently with another sentence, has never been served; therefore, it could not have expired. *State v. Kevin M. Thompson a.k.a. Kevin M. Albert*, No. E2014-01358-CCA-R3-CD, 2015 WL 1548852 (Tenn. Crim. App. April 1, 2015); *State v. Nickelle N. Jackson*, No. W2014-02445-CCA-R3-CD, 2015 WL 4241074 (Tenn. Crim. App. July 14, 2015).

We note that there is nothing in the record to support Defendant's allegation that his sentence in case number 242679 is illegal. Defendant asserts that he committed that offense while on supervised probation in case numbers 232819 and 232878. However, T.C.A. § 40-35-115(b)(7) provides that "the court may order sentences to run consecutively" when a "defendant is sentenced for an offense committed while on probation." Consecutive sentences for a felony offense committed while on probation is not mandatory therefore the sentence in case number 242679 is not illegal.

The judgment of the trial court is reversed and this case is remanded to the trial court for further proceedings consistent with this opinion and in compliance with all the provisions of Tennessee Rule of Criminal Procedure 36.1.

_____
THOMAS T. WOODALL, PRESIDING JUDGE